IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

STACEY LOIBL, individually and as
Special Administrator of the Estate of
Wayne Richard Loibl,

        Plaintiff,                                   ORDER

    v.                                         22-cv-092-wmc

DAVIS-INTERNTIONAL, LLC,

        Defendant.
_____

In this civil action, plaintiff Stacey Loibl, in her individual capacity and as Special Administrator of the estate of her late husband, Wayne Richard Loibl, asserts product liability claims against defendant Davis-International, LLC, the manufacturer of a film winding machine that allegedly injured her husband, resulting in his death. (Compl. (dkt. #1).) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* ¶ 7.) Because the allegations in the complaint are insufficient to determine if this is so, Loibl will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for

1

want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 7.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to defendant Davis-Standard, LLC prevent this court from determining its citizenship.[1]

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges defendant is a "Delaware limited liability company," with a business address in Connecticut, and, therefore, alleges that it is a citizen of Connecticut and Delaware. (Compl. (dkt. #1) ¶ 5.) As the Seventh Circuit has

---

[1] The court also notes that plaintiff has alleged that she is a citizen of Wisconsin based on her being a resident of Wisconsin. (Compl. (dkt. #1) ¶ 1.) "An allegation of residence is not sufficient to establish citizenship, which requires domicile," *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012), and a person's domicile is not necessarily where they currently reside, but "the state in which a person intends to live over the long run," *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). In her amended filing, plaintiff also should allege her domicile.

instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until March 11, 2022, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 25th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge